99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
David LIEBMAN, Defendant-Appellant.
 No. 95-1190.
 United States Court of Appeals, Second Circuit.
 Dec. 26, 1995.
 
 Appearing for Appellant: Barry P. Wilson, Boston, Ma.
 Appearing for Appellee: Sharon E. Jaffe, Ass't U.S. Att'y, New Haven, Ct.
 D.Conn.
 AFFIRMED.
 Before KEARSE, MINER, and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Defendant David Liebman, who pleaded guilty to an environmental offense, 42 U.S.C. § 9603(b) and 18 U.S.C. § 2, and has been sentenced principally to 10 months' imprisonment to be followed by a one year period of supervised release, appeals from the judgment of the United States District Court for the District of Connecticut, Ellen Bree Burns, Judge, entered following proceedings on remand from United States v. Liebman ("Liebman I "), 40 F.3d 544 (2d Cir.1994). Liebman I remanded for findings on two sentencing questions. See id. at 548-49, 552. In response, the district court found (1) that the criminal activity that Liebman supervised involved five or more participants and that the activity was otherwise extensive, and (2) that Liebman's failure to report the environmental offenses reflected an effort to conceal the offenses. On the present appeal, Liebman challenges these findings chiefly on the ground that the principal witness admitted to frequently and comfortably telling lies. Liebman also contends, inter alia, that the district court should have reconsidered its prior finding that he was a supervisor of the activity. Finding his contentions to be without merit, we affirm.
 
 
 4
 We reject Liebman's contention that the court should have reconsidered its prior finding that he was a supervisor of the activity. That finding had been upheld by this Court in Liebman I, see 40 F.3d at 548 ("The district court's finding that Liebman was a supervisor of a criminal activity is supported by the record."), and the district court was not free to revise that finding, see, e.g., United States v. Uccio, 940 F.2d 753, 757 (2d Cir.1991). The record provides no basis for a conclusion that that finding should be revisited in order to avoid a manifest injustice. See generally Doe v. New York City Department of Social Services, 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983); United States v. Fernandez, 506 F.2d 1200, 1203 (2d Cir.1974).
 
 
 5
 We reject Liebman's challenges to the district court's findings on the two questions remanded by Liebman I because those findings, based principally on the court's acceptance of testimony by the witness Janiak, are not clearly erroneous. The assessment of witness credibility lies within the province of the sentencing court as factfinder. See, e.g., 18 U.S.C. § 3742(e). A witness's admission that he frequently lies does not compel the conclusion that every statement he makes is untrue, and it is the responsibility of the factfinder to determine what parts of his testimony, if any, should be credited. The district court made such a determination, and we may not disturb its assessments.
 
 
 6
 We have considered all of Liebman's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.